UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
ROBBIE RAMSINGH,

                Petitioner,

       -against-

WILLIAM LAPE, Superintendent,

                Respondent.
------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

05-CV-4755 (ARR)

ROSS, United States District Judge:

Petitioner, Robbie Ramsingh, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1997 New York State conviction for rape in the first degree and robbery in the second degree. Petitioner's application to proceed in forma pauperis is granted. However, since petitioner previously filed an unsuccessful § 2254 petition challenging this same conviction on different grounds, this case is hereby transferred to the United States Court of Appeals for the Second Circuit.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a district court's jurisdiction over "second or successive" habeas corpus applications. See 28 U.S.C. § 2244(b); see also Carmona v. United States, 390 F.3d 200, 201-02 (2004) (per curiam). While the AEDPA does not define the phrase "second or successive," see James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002), the Second Circuit has held that a petition "will be regarded as second or successive if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." Carmona, 390 F.3d at 202; see also Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003) (to be considered "successive," the second petition "must, in a broad sense, represent a second attack by federal habeas petition on the same conviction").

The instant petition falls within the definitions set forth in Carmona and Vasquez. In January 2003, petitioner filed a prior § 2254 petition, challenging his 1997 conviction on the ground that he was denied effective assistance of counsel. By order dated January 13, 2004, this Court dismissed the prior petition with prejudice as time-barred. See Ramsingh v. Filion, No. 03-CV-0236 (ARR), slip op. at 1 (E.D.N.Y. Jan. 13, 2004). The instant petition also challenges petitioner's 1997 conviction and is therefore second or successive.

Title 28, section 2244(b), of the United States Code sets forth the requirements for bringing a second or successive § 2254 petition. This subsection provides that a court may consider a claim which has not already been adjudicated in a prior habeas proceeding and which "relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641, 2646 (2005) (citing 28 U.S.C. § 2244(b)(2)). However, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Id. (citing 28 U.S.C. § 2244(b)(3)).

There is nothing to suggest that petitioner has moved in the Court of Appeals pursuant to § 2244(b)(3)(A) for an order authorizing this Court to consider this second or successive habeas corpus application or that the Second Circuit has granted petitioner's motion. Accordingly, this Court cannot consider the instant petition. However, in accordance with the procedure set forth in Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996), this Court will not dismiss this action, but will transfer this petition to the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631.

2

## CONCLUSION

For the reasons set forth above, the Clerk of Court is hereby directed to transfer this petition to the United States Court of Appeals for the Second Circuit. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. Upon transfer of this petition, the Clerk of Court shall close this case.

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
October 20, 2005